UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dorothy Lawson, | ) | CASE NO: 5:12CV1263 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Zimmer, Inc., et al., | ) | (Resolving Doc. 12) |
| | ) | |
| Defendants. | ) | |

Pending before the Court is Defendants' motion to dismiss the complaint (Doc. 12). Plaintiff Dorothy Lawson has not opposed the motion. The motion is hereby GRANTED and the complaint is dismissed without prejudice.

**I. Legal Standard**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the

>complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

## II. Facts

The short-form complaint in this matter was filed by counsel on May 18, 2012, and at the same time counsel incorporated the long-form complaint that existed in the pending multi-district litigation. On June 11, 2012, this matter was transferred to the MDL. During those proceedings, Plaintiff's counsel, Alyson Oliver, came to the belief that Lawson's lawsuit could not be maintained because of an inability to find an expert who was willing to opine that Lawson's injuries stemmed from a defective medical

implant.  When show caused as to why the complaint should not be dismissed, Attorney Oliver indicated that she agreed that dismissal was appropriate and thus had sought to withdraw.  The MDL court allowed her withdrawal and remanded the matter to this Court on July 15, 2015.

On September 23, 2015, this Court ordered Lawson to notify the Court whether she intended to maintain the suit.  On October 29, 2015, Lawson indicated that she desired the lawsuit to remain pending.  On November 18, 2015, Defendants moved to dismiss the matter.  Lawson has not opposed the motion.

**III. Analysis**

Defendants contend that dismissal is warranted on numerous grounds.  Defendants asserts that Lawson's claims are barred by the statute of limitations, that venue is improper, and that Lawson has failed to state a claim upon which relief can be granted.  On its face, the argument regarding statute of limitations appears to require review of documents beyond the pleadings.  Accordingly, the Court will not address that issue.

Defendants, however, are correct that Lawson has failed to state a claim upon which relief can be granted.  In her initial filing, Lawson relied upon the long-form complaint that existed in the MDL, a 131 page document detailing the alleged shortcomings of the medical device at issue.  When discovery revealed that Lawson's claim did not fit within the MDL framework, the matter was remanded to this District.  As such, the long-form complaint can no longer serve to provide Defendants with notice of the allegations against them.  Moreover, there is no dispute that the short-form complaint actually pending in this matter is inadequate.  That complaint offers a series of

check boxes to relay claims against Defendants under any number of theories. However, without the underlying long-form complaint, it contains no substantive factual allegations that support any of those theories of recovery. As such, the now-pending complaint fails to state a cause of action against Defendants.

The Court would also note that it has reviewed Defendants' argument that venue is improper in this District. On their face, without opposition, the arguments appear to have merit. Nothing in the short-form complaint suggests that Zimmer Biomet Holdings is subject to personal jurisdiction in Ohio. Moreover, nothing suggests that any of the events giving rise to the complaint occurred in Ohio. Finally, it appears that this action could have properly been brought in Indiana. Accordingly, it strongly appears that venue is improper in this district. However, as the Court has found that the complaint fails to state a claim, it need not definitively resolve the issue of venue.

## IV. Conclusion

Defendants' motion to dismiss is granted. The complaint is hereby dismissed for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.

December 31, 2015        /s/ Judge John R. Adams
Date                     JUDGE JOHN R. ADAMS
                         UNITED STATES DISTRICT COURT

4